| | |
|---|---|
| 1 | **WO** |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Yvon Wagner**, as the personal representative of the ESTATE OF ERIC VOGEL,<br><br>Plaintiff,<br>v.<br><br>**MARICOPA COUNTY**, a political subdivision of the State of Arizona, **Joseph Arpaio** and **Jane Doe Arpaio**, husband and wife,<br><br>Defendants. | No. CV 07-00819-PHX-EHC<br><br>**ORDER** |

The parties' December 18, 2009 Witness List notes that Plaintiff objects to Gerard Sheridan as a trial witness because he was "disclosed by Defendants long after the close of discovery." (Dkt. 179 at 2, n. 1.) Plaintiff stated a similar objection in the parties' Joint Proposed Pretrial Order. (Dkt. 140 at 44-45.) The Court ordered the parties to submit supplemental briefing on Plaintiff's objection to Sheridan. (Dkt. 181 at 2.)

On January 5, 2010, Defendants filed a "Response to Plaintiff's Objection to Gerard Sheridan." (Dkt. 188.) Defendants argue that disclosure was timely because "Sheridan's identity and expected testimony were disclosed on January 20, 2009, which was 63 days before the original March 24, 2009 trial date and well within the time frame set by the Court and Rule 26(a)(3)(B)." (Id. at 2.) Defendants also argue that Plaintiff has not suffered any

prejudice by any lateness in disclosure because the trial date has been continued several times and his disclosure was made nearly a year prior to trial. (Id. at 2-3.)

On January 5, 2010, Plaintiff filed a "Supplemental Brief Re Objection to Defendants' Witness Gerard Sheridan." (Dkt. 191.) Plaintiff argues that Sheridan was improperly disclosed "over a year after discovery ended and six years after agreeing that Sheriff Arpaio was the proper policy maker." (Id. at 3.) Plaintiff also argues that she will be unfairly prejudiced by Sheridan's untimely disclosure because it is unclear what Sheridan will testify about, and "Plaintiff prepared her case, including the numerous depositions taken in this matter and the many expert reports, based upon the testimony and reports timely disclosed by Defendants." (Dkt. 191 at 5-6 (emphasis omitted).)

According to Federal Rule of Civil Procedure 26, "a party must, without awaiting a discovery request, provide to the other parties... the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed.R.Civ.P. 26(a)(1)(A)(i). A party "must supplement or correct its disclosure or response... in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing..." Fed.R.Civ.P. 26(e)(1)(A). Rule 37(c)(1) "excludes evidence from an untimely disclosed witness unless the parties' failure to disclose the required information is substantially justified or harmless." Wong v. Regents of Univ. of Cal., 410 F.3d 1052, 1062 (9th Cir. 2005).

Sheridan was disclosed on January 20, 2009. (Dkt. 191-2 at 22 & Dkt. 79.) According to Defendants' disclosure statement, "Sheridan has been the Chief of Custody for the Maricopa County Sheriff's Office since 1999" and "is expected to testify regarding the policies and procedures governing the Maricopa County Jails and the administration and operation of the jails." (Dkt. 191-2 at 22-23.)

Defendants properly disclosed Sheridan, pursuant to Rule 26(a)(1)(A)(i).[1] (See Dkt. 191-2 at 22-23.) Although the trial was set for March 24, 2009 when Sheridan was disclosed, the trial has been continued several times and is now set for January 26, 2010. (See Dkts. 71, 79, & 185.) After Sheridan was disclosed, Plaintiff did not file a motion to strike Defendants' disclosure as untimely. Thus, Plaintiff has had over a year to investigate and prepare for Sheridan's testimony. Defendants' disclosure statement provides adequate information regarding the general topic (i.e. Maricopa County jail policies and procedures) on which Sheridan has information, allowing Plaintiff an opportunity to determine whether to seek his deposition. (See Dkt. 191-2 at 22.) Moreover, the Court will grant Plaintiff leave to take Sheridan's deposition prior to trial, further minimizing any potential prejudice. Therefore, the Court finds that Defendants' untimely disclosure was harmless.

Accordingly,

**IT IS ORDERED** that Plaintiff's objection to Gerard Sheridan is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to take the deposition of Gerard Sheridan prior to trial.

DATED this 11th day of January, 2010.

_____
Earl H. Carroll
United States District Judge

---

[1] Defendants reliance upon Rule 26(a)(3)(B) is mistaken because it provides the deadline for disclosure of evidence, which has **already** been disclosed, that will be offered at trial. See Fed.R.Civ.P. 26(a)(3)(A) (requiring the parties to identify the evidence that they expect to present and evidence that they may offer if the need arises).

- 3 -